IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| INNOCENT WANGWAMBA, #89912-053, PLAINTIFF, | § § § § | |
| v. | § § | CIVIL CASE NO. 3:20-CV-10-D-BK |
| THE INTERNAL REVENUE SERVICE, ET AL., DEFENDANTS. | § § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States magistrate judge for management, including entry of findings and a recommended disposition when appropriate. The Court granted Plaintiff Innocent Wangwamba's motion to proceed *in forma pauperis*, but did not issue process pending judicial screening. Upon review of the relevant pleadings and applicable law, this case should be **DISMISSED WITH PREJUDICE** as frivolous and for seeking monetary relief against a defendant immune from such relief.

## I.  BACKGROUND

On January 3, 2020, Plaintiff Innocent Wangwamba, a federal prisoner, filed a complaint under 42 U.S.C. § 1983 against the Internal Revenue Service (IRS), IRS Special Agent Brooke Tetzlaff, in her individual capacity, and his former defense attorney, Dimitri Dube. Doc. 3 at 3, 8; *see also* Doc. 16 at 4 (relying on § 1983 in his *Answers to Magistrate Judge's Questionnaire*). Wangwamba alleges that the IRS and Tetzlaff violated his Fourth Amendment right to be "secure in his possessions, persons and effects" by permanently unlocking his mobile phones

seized during his arrest and surrendering them to Dube.  Doc. 3 at 11; Doc. 16 at 2-4.  Wangwamba further alleges that Dube was negligent in forwarding the unlocked phones to Wangwamba's wife without his consent, allowing her to discover evidence of his extramarital affairs.  Doc. 3 at 12; Doc. 16 at 5-6.  As relief, he seeks $3 million in damages "to redress the humiliation, embarrassment, mental anguish, emotional distress, and loss of care and support from his wife," and to inform the Texas Bar Association of Dube's alleged misconduct.  Doc. 3 at 7, 8-9, 13-16.

Because Wangwamba sues the IRS and one of its agents, the Court deems his complaint to have been brought in part under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (recognizing a cause of action for monetary damages against federal officials in their individual capacities for certain violations of constitutional rights).  However, having now reviewed all of the applicable pleadings and law, the Court concludes that Wangwamba's claims lack an arguable legal basis and should be dismissed.

## II.   ANALYSIS

Because Wangwamba is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).  These statutes provide for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous when it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory," *Id.* at 327, and fails to state a claim upon which relief can be granted if it does not plead "enough facts to

state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, Wangwamba's claims are frivolous and seek relief against a defendant who is immune from such relief.

### A.  IRS is Immune from *Bivens* Cause of Action

Wangwamba sues the IRS for monetary damages. Doc. 3 at 13-14. However, a federal agency is immune from an action predicated on *Bivens*. *See, e.g., F.D.I.C. v. Meyer*, 510 U.S. 471, 475, 484-86 (1994) (holding "[s]overeign immunity is jurisdictional in nature" and a *Bivens* cause of action cannot be brought against a federal agency); *Taylor v. United States*, 292 F. App'x 383, 388 (5th Cir. 2008) (per curiam) (concluding the IRS was entitled to sovereign immunity in *Bivens* action). As such, the Court should dismiss this claim *sua sponte*.

### B.  Fourth Amendment Claim Against Tetzlaff is Frivolous

Wangwamba asserts Tetzlaff violated his Fourth Amendment rights by (1) intentionally disabling the auto-lock mechanism on his phones, leaving them susceptible to third-party intrusion, and (2) negligently surrendering the phones to Dube without Wangwamba's permission. Doc. 3 at 11; Doc. 16 at 3-4. Wangwamba's claim appears to implicate his privacy rights, specifically in relation to the information stored on his phones. Doc. 3 at 10-13; Doc. 16 at 3-4; *see also* Doc. 16 at 2 (mentioning "invasion of protected privacy"). The Supreme Court has never acknowledged the existence of a constitutional right to informational privacy,

however.  See *N.A.S.A. v. Nelson*, 562 U.S. 134, 160 (2011) (Scalia, J., concurring) ("A federal constitutional right to 'informational privacy' does not exist.").

While the Supreme Court has recognized a "zone of privacy" protected by the Fourth Amendment, it is limited to the suppression of private or personal evidence seized in an unreasonable search.  *See, e.g., Paul v. Davis*, 424 U.S. 693, 712-13 (1976); *Terry v. Ohio*, 392 U.S. 1, 8-9 (1968); *Katz v. United States*, 389 U.S. 347, 351 (1967).  Here, however, Wangwamba does not challenge the underlying seizure of his phones pursuant to his arrest, nor does he seek to prevent the phones' contents from being used as evidence in a court proceeding. *See* Doc. 16 at 3 (admitting that he consented to a search and seizure of his phones and provided the passcodes).  Rather, Wangwamba's allegations against Tetzlaff relate only to her actions after his phones had already been seized, which is outside of the Fourth Amendment's privacy protections.  Doc. 3 at 10-11; Doc. 16 at 3-4.

Moreover, insofar as Wangwamba contends that Tetzlaff was negligent in surrendering the phones to Dube, he fails to state a cognizable claim since mere negligence does not rise to the level of a constitutional violation.  *See Daniels v. Williams*, 474 U.S. 327, 328 (1986). Additionally, any allegation that Tetzlaff intended to "harm [Wangamba's] reputation," Doc. 3 at 12-13, likewise lacks an arguable legal basis because mere injury to reputation or character is insufficient to invoke due process protection.  *See Davis*, 424 U.S. at 711-12; *Davis v. City of Aransas Pass*, 605 F. App'x 429, 430 (5th Cir. 2015).

For these reasons, Wangwamba's claims against Tetzlaff lack an arguable legal basis and should be dismissed *sua sponte* as frivolous.  *See Neitzke*, 490 U.S. at 325.

**C.  Claim Against Dube is also Frivolous**

Wangwamba alleges that Dube committed negligent misconduct by surrendering the unlocked phones to Wangwamba's wife. Doc. 3 at 7. Wangwamba argues that Dube was "complicit with the government…facilitating an intrusion into [his] personal effects," in violation of his Fourth Amendment rights. Doc. 16 at 6. Specifically, he claims that Tetzlaff knew Wangwamba's phones contained evidence of his extramarital affairs and, nonetheless, surrendered them to Dube "in order to facilitate disclosure of [Wangwamba's] infidelity to [his] wife." Doc. 3 at 12.

These claims fail for several reasons. First, Dube was not acting under color of law, as is required to establish a civil rights violation under 42 U.S.C. § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981) (holding public defender does not act under color of state law in representing a defendant in a criminal case); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983."). Second, as a private actor, Dube cannot be sued under *Bivens*. *See Correctional Serv. Corp. v. Malesko*, 534 U.S. 61, 72-73 (2001) (holding federal prisoner could not bring *Bivens* claim against private prison corporation because state negligence claim provided adequate tort remedy). The Supreme Court has declined to allow *Bivens* claims against private actors, even when they were clearly acting under color of federal authority. *See Minneci v. Pollard*, 565 U.S. 118, 131 (2012). Third, as previously noted, mere negligence does not constitute a constitutional violation. *See Daniels*, 474 U.S. at 328.

Accordingly, because Wangwamba's claims against Dube lack an arguable basis in law, they should be dismissed as frivolous. *See Neitzke*, 490 U.S. at 325.

### III. LEAVE TO AMEND

Generally "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). However, the Court is not required to grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id.* at 768 (giving *pro se* plaintiff opportunity to "amend" through questionnaire). For all the reasons outlined here, Wangwamba's claims are fatally infirm. Thus, granting leave to amend would be futile and cause needless delay. In addition, the Court has already given Wangwamba an opportunity to supplement his complaint by his *Answers to Magistrate Judge's Questions*. Doc. 16. Because he nevertheless failed to cure the infirmities identified herein, the Court concludes that he has already pled his best case and that granting leave to amend would be futile and cause needless delay.

### IV. CONCLUSION

For the foregoing reasons, this action should be **DISMISSED WITH PREJUDICE** as frivolous and for seeking relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).

**[NO FURTHER TEXT ON THIS PAGE]**

This dismissal will count as a "strike" or "prior occasion" within the meaning of 28 U.S.C. § 1915(g).[1]

**SO RECOMMENDED** on October 23, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

---

[1] 28 U.S.C. § 1915(g), commonly known as the "three-strikes" provision, provides: "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."